Pearson, J-
 

 The lessors claimed title under a judgment,, execution, constable’s levy, order of sale,
 
 venditioni expo-nas,
 
 and a sale and deed made by the Coroner. James W„. Carson, the plaintiff in the judgment, was high Sheriff and at the sale became the purchaser, but died before a deed
 
 *370
 
 was executed, and the Coroner made the deed tq the lessors, “ as his heirs at law.”
 

 O.u the trial, the declaration y/as attended by striking put the name of W P. Carson, qs one of the lessors, and he was called as a witness by the plaintiff, and proved that the defendant wa§ in possession, and l^ad been qqtifjed “to quit.” This witness was objected to as incompetent > whereupon the amount of the costs was deposited in Court by TjNms, one of the lessors, to whom the witness re{case4 a|l of his interest in the land, and he released the witness from all claim or liability in regard to the costs. His Hon- or then admitted.,his testimony.
 

 The plaintiffs read in evidence a registered copy of a deed from one Roberts, the defendant in the execution, as whose property the land was levied on, to the defendant, dated October 1st, 1840, after the constable’s levy and before the sale. This was objected to, because the defendant had received no notice to produce the original.
 

 The defendant proved, that James W Carson died in 184(5, ana that he had frequently said, that the defendant had settled the purchase money,, paid by'Carson for tfye land; and “that tire land was his (Smith’s)/j who was thu brother-in-law of Carson, and, from October, 1840, claimed the land.
 

 T-be defendants insisted, that the plaintiff could not recover, because there was no evidence that the lessors Were the heirs at law of James W. Carson; because the defendant was in possession at the time the Coroner executed his deed to the lessors ; because W. P. Carson did not join in the demise; because Roberts had no title to the.land at the (imb of the levy; and because the defendant’s title had ripened' into a perfect one under the deed of Roberts to him in October 1840, if the jury believed the defendant had
 
 claimed
 
 the land, as his, from'its date up to the issuing of the declaration, March ISIS. His Honor decided ail
 
 *371
 
 thege points against the defendant — verdict for the plaintiff judgment, and the defendant appealed.
 

 First: Wo think it was a matter witlfm the discretion of the Court, during the trial, to allqw one qf the lessors to be strfokpn- out o.f the declaration. It is common on the circuit, when, in the opinion of the Court, the pip-poses of justice require it, to allow one, who is security for an appeal, or for the prosecution, tq be stricken qflf, and a new bond given, so as tq make him a witness. The present was the exercise of q similar discretion.
 

 Secondly; Under the net of |846, registered copies qf deeds for land ar° made evidence, and the production qf tl^e originals js dispensed with, except undep certain circumstances. The words are very general, aqd the presept case is embraced by them- We can see nothing to take it out of its meaning. If a party may read a copy of a deed to himself, of íyhich he has the possession, there can be no reason why he may not read a copy of a deed to the offer party, who has it in possession. Of the policy of this statute, we have nothing to
 
 say.
 
 Our duty is tq put on it a fair construction, and make it consistent in its operations.
 

 Thirdly: Our statute gives a power to Sheriffs and Coroners- to sell all land, and pass the title by deed.
 
 Th,ey
 
 must see to the proper execution of this power. The Coroner, in this instance, having made the deed to, the lessors of thp plaintiff, as the heirs of James W- 'Carson, the title vest§ in them, pn the same principle that it vests in one, to whom the deed is made as assignee of the bidder. This is settled,
 
 Brooks
 
 v
 
 Radcliff,
 
 11 Ired. 321.
 

 Fourthly : A deed, made by
 
 a,
 
 Sheriff o,r Coroner, under the power conferred by the statute, l,iko a descent, which is the act of the law — passes the title, notwithstanding a third person may, at the time, be in the adverse possession. There is no danger of the evils of champerty and tile sale of “ pretended titles” in sqch cases ; indeed, few persons, vffo arc sold -out for debt, willingly give, up possession, The power
 
 *372
 
 of the Sheriff to sell would be nugatory, if the position' contended for be true, unless the additional power was conferred on the sheriff to put the debtor in the execution out of possession, and deliver it to the purchaser.
 

 .Fifthly : All oftho cotennnts need not be joined in.the (terpise. This is settled by several cases.
 

 Sixthly: In
 
 Borden
 
 v
 
 Cax, 11
 
 Ire.
 
 456,
 
 it was held;., that one, who takes a deed fro,m the defendant in the execution, after the levy, is at liberty to show, that the
 
 title ac-. cruecl (ifter the lent/-,
 
 and thereby avoid what wouid otherwise have been the effect of a subsequent sale under a
 
 ven-ditioni exponas.
 
 That case has no application to the present, because It is not shown, that the title of Roberts did
 
 accrue after the levy-;
 
 and wre have but the ordinary case • of one. who takes a deed from the debtor, while the land is-subject to a levy, under which it is afterwards sold.' Of course, such person, coining in, pending-the proceeding, caa . stand ip no bettor situation than the debtor, whose place.he" lias take».
 

 Seventhly: The last point is against the defendant on two grounds. There was no evidence, when the defendant
 
 took possession.
 
 The evidence was, that he “claimed the' land as his.” So there is no proof of a seven years adverse possession. Rut suppose there had been, and suppose-further, that the statute commenced running*, so as to bear-on the defendants color of title, before the deed was made-to the lessors of the plaintiff, and in the life time of James. ■ W. Carson, whose laches it was not to take a deed after-the'eoroner’s sale — if is certain, that his light of entry did qot accrue, until; he became the purchaser at - the coroner’s, sale in July 1841 ; fro.rn which time to March 1848, when-the declaration issued, there was not the seven years, necessary to ripen the defendant’s, color of ti.tljo.
 

 Per Curiam. Ju.dgment affirmed: